IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONNIE JUNIOR BOSTICK, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-21-2507 |
| WARDEN WEBER, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Ronnie Junior Bostick, who is currently incarcerated at Western Correctional Institution ("WCI"), filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on September 30, 2021. ECF No. 1. Mr. Bostick seeks remand back to federal custody, asserting that he is a federal inmate who was "state placed" following his assault by another inmate in a federal facility and that he was transferred to WCI in retaliation. *Id.* at 7. Respondent filed a response seeking dismissal of the Petition and Mr. Bostick replied.[1] ECF Nos. 4, 6. This court finds that no hearing is necessary. *See* D. Md. Local R. 105.6.

On December 10, 2021, the court granted Mr. Bostick a second opportunity to submit the filing fee. ECF No. 5. However, to date, Mr. Bostick has failed to comply with the court's Order. Regardless, as the Petition must be dismissed for the reasons set forth below, he will not be required to correct this deficiency.

## BACKGROUND

Mr. Bostick is a federal inmate serving a 180-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). Decl. of Julie Roland, Federal

---

[1] Mr. Bostick mailed his reply only to Respondent's counsel and has yet to file it directly with the court. Respondent submitted the reply to the court on December 21, 2021. ECF No. 6. In light of Mr. Bostick's self-represented status, the court will accept the filing as Mr. Bostick's reply and consider it in review of the Petition.

Bureau of Prisons Operations Manager, ECF No. 4-1 at ¶ 3. He is currently designated to WCI as a "state boarder." *Id.* He was previously housed at United States Penitentiary ("USP") Tucson between January 15, 2019, and December 11, 2020. *Id.* at ¶ 5. USP Tucson requested a "Close Supervision transfer" following an investigation which indicated that another inmate had contracted "a hit" on Mr. Bostick, which resulted in Mr. Bostick's assault. *Id.* at ¶ 6, Attachment C.

In his Petition, Mr. Bostick asserts that on December 11, 2020, "his management variable keeping him in USP was lifted making him eligible to be sent to a…lower security institution." ECF No. 1 at 7. Mr. Bostick asserts that he was instead sent to a state facility in retaliation for filing a Federal Tort Claims Act complaint against the institution after he was assaulted by another inmate. *Id.* Mr. Bostick contends that he is not safe in the Maryland state prison system because he is a former gang member and has been held in administrative segregation since his arrival at WCI. *Id.*

Once a defendant is sentenced, the Bureau of Prisons is responsible for determining the facility at which he or she will serve the sentence in accordance with Program Statement 5100.08, the Inmate Security and Custody Classification Manual ("the Manual"). ECF No. 4-1 at ¶ 4. Chapter 7 of the Manual states that "[i]nmates who have exhausted available resources within the Bureau [of Prisons], should be referred for placement in an appropriate non-federal facility under contract with the Bureau." *Id.* at ¶ 7. Prior to Mr. Bostick's transfer, his case was reviewed by a Senior Intelligence Designator, who determined that the only safe placement for Mr. Bostick was a state facility in light of "separation concerns" at all appropriate high security facilities and that a medium security facility was inappropriate due to Mr. Bostick's history of disciplinary infractions and disruptive behavior. *Id.*

Custody classification assigns inmates to a level of supervision based on their criminal history and institutional behavior; classification assignments are reviewed annually. *Id.* at ¶ 8. Mr. Bostick is a medium security inmate to whom a greater management security variable has been applied. *Id.* A management security variable is required when an inmate placement has been made at an institution level inconsistent with his or her security score. *Id.* As of the filing of this Petition, Mr. Bostick's most recent custody classification, on December 4, 2020, assessed him at medium security with a greater management security variable. *Id.* Mr. Bostick was scheduled for another custody classification review on November 30, 2021, at which the review team could request transfer if they determined that the greater security management variable was not appropriate. *Id.* at ¶¶ 8-9.

## DISCUSSION

Respondent seeks dismissal of the Petition on the grounds that Mr. Bostick's claims regarding his transfer and alleged retaliation are not cognizable under 28 U.S.C. § 2241. ECF No. 4 at 4.

A district court may grant a writ of habeas corpus if a prisoner "is in custody under or by color of the authority of the United States" or is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The habeas statute confers "broad authority" on courts to "hear applications for writs of habeas corpus filed by persons claiming to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010) (quoting 28 U.S.C. § 2241, including federal habeas corpus petitions filed by state pre-trial detainees); *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488–89 (1973); *Robinson v. Thomas*, 855 F.3d 278, 283–84 (4th Cir. 2017); *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (citing with approval *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003)). In habeas proceedings, a petitioner must challenge the "fact or duration" of

3

confinement and seek relief in the form of immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 (1973); *Seth v. McDonough,* 461 F. Supp 3d 242, 256 (D. May 21, 2020) (citing cases); *cf. Coreas v. Bounds*, No. TDC-20-0780, 451 F.Supp.3d 407, 419–21 (D. Md. Apr. 3, 2020) (holding that a "claim by an immigration detainee seeking release because of unconstitutional conditions or treatment is cognizable under § 2241").

Here, Mr. Bostick solely challenges his placement in a state prison, WCI, and alleges that it was a retaliatory action. Mr. Bostick also asserts that the greater management security variable added to his medium security classification was applied without any supporting infractions or criminal history. *See* Reply, ECF No. 6-1 at 3-4. Additionally, Mr. Bostick asserts that he has informed staff at WCI of the threats to his safety and well-being, but has been ignored. *Id.* at 4. In sum, Mr. Bostick's claim does not challenge the legality of his confinement, but rather he contests his placement, which is a "condition" of his confinement.

Respondent correctly asserts that a conditions of confinement claim is not an appropriate § 2241 claim, which is reserved for challenges to the fact or length of confinement. ECF No. 4 at 4. The United States Court of Appeals for the Fourth Circuit has not issued a binding, precedential opinion on this issue. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (2019) (noting that the Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have determined that conditions of confinement claims must be brought only as a civil rights action, while the D.C., Second, and First Circuits recognize them in habeas petitions). In *Wilborn*, an unpublished opinion, the Fourth Circuit held that challenges to the conditions of confinement cannot be brought as a habeas petition and noted that habeas corpus is "primarily a vehicle for attack by a confined person on the legality of his custody and [that] the traditional remedial scope of the writ has been to secure absolute release— either immediate or conditional—from that custody." *Id.* at 163 (quoting *Lee v. Winston*, 717 F.2d 888, 892 (1983)). In other unpublished decisions, the Fourth Circuit has held that

conditions of confinement claims are not cognizable in habeas proceedings. *See also Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (Conditions claims not cognizable in habeas proceedings.); *Braddy v. Wilson*, 580 F. App'x 172, 173(4th Cir. 2014) (same). Because Mr. Bostick is challenging the conditions of his confinement, he fails to state a cognizable claim for federal habeas review.

Challenges to conditions of confinement otherwise should take the form of a civil rights complaint. For those alleging violations by state officials, an action under 42 U.S.C. § 1983 would be appropriate. If the alleged wrongdoers are federal officials, the avenue would be through a *Bivens* action, *see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The court will provide Mr. Bostick with a copy of the court's civil rights complaint form should he choose to seek relief for his conditions and retaliation claims. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (stating that challenges "to the circumstances of . . . confinement" may be brought as a civil rights action, while "[c]hallenges to the validity of . . . confinement or to particulars affecting its duration are the province of habeas corpus" (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)).[2] A separate order will be entered.

                                                                      /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

---

[2] The court notes, however, that it is well established that prisoners do not have a constitutional right to demand to be housed in one prison versus another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472, 493 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest).